UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>              **Plaintiff,**      )<br>                                               )<br>     v.                                        )   CRIMINAL NO.   04-114 (RBW)<br>                                               )<br>                                               )<br>**LUIS ANTONIO VALENZUELA-**  )<br>       **SIERRA, #6**                  )<br>              a.k.a. "Lucho"          )<br>              a.k.a. "Mi Tonto"     )<br>                                               )<br>**EBLIN RAFAEL RAMIREZ-DIAZ, #7** )<br>              a.k.a. "Rafa"            )<br>                                               )<br>              **Defendants.**         )<br>_____) | |

## **PROPOSED ORDER OF DETENTION**

Upon consideration of the Government' motion to detain the defendants without bond pending trial pursuant to 18 U.S.C. § 3142 and the record herein, it is, this _____ day of _____, 2006,

ORDERED, that the Government's motion is granted and that defendants Luis Antonio Valenzuela-Sierra and Eblin Rafael Ramirez-Diaz will be held without bond pending trial. In support of this ruling, the Court makes the following findings:

1. There is a presumption that the defendants should be detained because they has been charged by Indictment with an offense for which a maximum term of imprisonment of ten years of more is prescribed under the Controlled Substances Act. 18 U.S.C. § 3142(e).

2. The defendants have no ties to the United States and his personal characteristics support the conclusion that he is a risk of flight if released.

3. The defendants are a danger to the community in general as a result of his drug trafficking

activities.

4.	The defendants have not rebutted the presumption contained in the Bail Reform Act and accordingly, no condition or combination of conditions will reasonably assure the appearance of the defendants at trial. See 18 U.S.C. § 3142(e).

5.	The defendants shall be committed to the custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. 18 U.S.C. § 3142(i)(2).

6.	The defendants shall be afforded reasonable opportunity for private consultation with counsel.  18 U.S.C. § 3142(i)(3).

_____
United States Magistrate Judge John M. Facciola

cc:	Patrick H. Hearn, Trial Attorney
	Narcotic and Dangerous Drug Section
	U.S. Department of Justice
	1400 New York Ave., N.W.,
	Washington, D.C. 20530